# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DIPAKKUMAR S. PATEL,
    Movant,

v.

UNITED STATES OF AMERICA,
    Respondent.

:
:
:
:
:
:
:

1:17-CR-277-ELR
1:18-CV-2952-ELR

## ORDER

Presently before the Court is the Magistrate Judge's Report and Recommendation (R&R) recommending that the pending motion to vacate brought pursuant to 28 U.S.C. § 2255 be denied. [Doc. 35]. Movant has filed his objections in response to the R&R. [Doc. 37].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the Report and Recommendation that is the subject of a proper objection on a *de novo* basis and any non-objected portion under a "clearly erroneous" standard. "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." Nettles v. Wainwright, 677 F.2d 404, 410 n.8 (5th Cir. 1982) *overruled on other grounds* Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996).

AO 72A
(Rev.8/82)

Movant entered a plea agreement and pleaded guilty to passport fraud and money laundering in relation to his participation in a scheme in which callers would pose as government agents and tell their victims that they had an outstanding tax debt or deportation order. The callers threatened the victims with immediate arrest unless they agreed to pay the scammers significant sums of money. Movant acted as a "runner" in the scheme by using gift cards loaded with victim money to purchase money orders that were then deposited into bank accounts.

As is set forth in much more detail in the R&R, Movant raised some thirteen claims of ineffective assistance of counsel. The Magistrate Judge concluded that all of those claims were unavailing because either (1) Movant was simply incorrect in asserting that his counsel had failed to make an argument that counsel had in fact made, (2) Movant's claims that he was uninformed or misinformed by his counsel were belied by the statements Movant made during his plea hearing, (3) Movant labeled certain of his claims as ineffective assistance but failed to mention counsel's performance in his argument, and the appeal waiver he signed in his plea agreement prevents him from raising the underlying claim, or (4) Movant's claims were foreclosed by the admissions that he made in his plea agreement and at the plea hearing.

AO 72A
(Rev.8/82)

In his objections, Movant merely repeats the arguments already thoroughly considered and rejected by the Magistrate Judge, and he makes no attempt to demonstrate how the Magistrate Judge erred. Such general objections, "reiterating arguments already presented, lack the specificity required by [Fed. R. Civ. P.] 72(b) and have the same effect as a failure to object." Chester v. Bank of Am., N.A., Case No. 1:11-CV-1562-MHS, 2012 WL 13009233 at *1 (N.D. Ga. Mar. 29, 2012) (quotations and citations omitted). Having reviewed the R&R in light of the record and Movant's arguments, this Court holds that the Magistrate Judge's findings and conclusions are correct.

Accordingly, the R&R, [Doc. 35], is hereby **ADOPTED** as the order of this Court, and the § 2255 motion, [Doc. 20], is **DENIED**. The Clerk is **DIRECTED** to close Civil Action No. 1:18-CV-2952-ELR.

This Court further agrees with the Magistrate Judge that Movant has failed to raise any claim of arguable merit, and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**, this 11th day of February, 2019.

_____
ELEANOR L. ROSS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)